UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXIS MAYO, an individual

       Plaintiff,

v.                                            Case No:   2:15-cv-115-FtM-38MRM

JEAN NICOLE HAIR SALONS, INC.,
DOUGLAS S. GAST and SANDRA K.
GAST,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants Jean Nicole Hair Salons, Inc., Douglas S. Gast, and Sandra K. Gast's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #22) filed on June 15, 2015. Plaintiff Alexis Mayo filed a Response in Opposition (Doc. #28) on July 20, 2015. The Motion is now ripe for the Court's review.

## FACTS

On June 5, 2015, Plaintiff brought this action for recovery of overtime compensation under the Fair Labor Standards Act ("FLSA") and damages for wrongful termination under Section 440.205 of the Florida Statutes. (Doc. #20 at ¶ 1). Defendant Jean Nicole Hair Salons, Inc. is a hair salon business, owned and operated by Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Douglas S. Gast. (Doc. #20 at ¶ 6). Defendant Sandra K. Gast further assists in the operation of the hair salon. (Doc. #20 at ¶ 7).

From October 2013 to November 2014, Plaintiff worked as a hairstylist at Defendants' place of business. (Doc. #20 at ¶ 10). During such time, Plaintiff avers working more than forty hours in a work week on more than one occasion without receiving overtime compensation. (Doc. #20 at ¶¶ 13-14). In addition, Plaintiff claims she was wrongfully terminated in retaliation for requesting workers' compensation paperwork. (Doc. #20 at ¶ 27).

Subsequent to her termination, Plaintiff filed suit in this Court. See (Doc. #20). Defendants now move to dismiss Plaintiff's First Amended Complaint, arguing failure to state a claim. (Doc. #22 at 3-10). In response, Plaintiff contends she alleges enough to state an actionable claim under both the FLSA and Section 440.205 of the Florida Statutes. (Doc. #28 at ¶ 3). In the alternative, Plaintiff requests leave to amend her First Amended Complaint should the Court find that Plaintiff failed to state a claim. (Doc. #28 at ¶ 3).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The issue in resolving such a motion is not whether

the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. See id. at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. See id. Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. See id. at 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments. See Twombly, 550 U.S. at 555; Byrnes v. Small, No. 8:14-CV-1726-T-36MAP, 2015 WL 1243219, at *3 (M.D. Fla. Mar. 18, 2015).

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. Id. at 678-79. Mere naked assertions are also inadequate. Id.

**DISCUSSION**

**I.     FLSA Claim**

In the Motion to Dismiss, Defendants contend that Plaintiff fails to allege facts to support a claim under the FLSA. (Doc. #22 at 3-7). In response, Plaintiff asserts she alleges facts establishing individual coverage under the FLSA. (Doc. #28 at 4-8).

When enacting the FLSA, Congress plainly indicated its intention to leave local businesses to the protection of the state. See Walling v. Jacksonville Paper Co., 317 U.S. 564, 570 (1943). "The [FLSA] requires employers to pay their employees time and a half for all the work they do over forty hours a week." Arilus v. Diemmanuele, 552 F. App'x 881, 882 (11th Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). An employee seeking coverage under the FLSA must either establish the enterprise's or the individual's engagement in interstate commerce. See Rushton v. Eye Consultants of Bonita Springs, No. 2:10-cv-357-FtM-29SPC, 2011 WL 2601245, at *1 (M.D. Fla. June 30, 2011). A plaintiff electing to establish individual coverage under the FLSA must show: (1) she was engaged in commerce; or (2) she was engaged in the production of goods for commerce. See id. at 2; see also 29 U.S.C. § 207(a)(1). To engage in commerce, an employee

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

To establish that she is covered individually under the FLSA, Plaintiff alleges her duties involved using a telephone to communicate and schedule appointments with customers outside of Florida and used credit cards to finalize sales. (Doc. #28 at 5).

4

*(1) Telephone*

Plaintiff claims she used the telephone to schedule appointments with out of state customers no less than once a week. (Doc. #28 at 5). Based upon the Plaintiff's allegations in her Amended Complaint, her employment as a hairstylist did not require her to use the telephone to solicit business from out of state customers or a regular basis and at best sporadically answered out of state phone calls to schedule appointments. Simply using the phone once a week does not constitute interstate commerce under the FLSA. See Dent v. Giaimo, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) ("employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist."). Plaintiff presents no claims in her Complaint to establish that her contact with out of state customers occurred on a "regular and recurrent" basis. See Dent, 606 F. Supp. 2d at 1361 (plaintiff's use of the telephone or facsimile machines to make long distance phone calls or use of the internet and credit cards is insufficient to establish jurisdiction).

The primary scope of Plaintiff's duties involved performing hair services at the salon, not answering the telephone to schedule appointments. Thus, Plaintiff has failed to establish that she was directly involved in the movement of persons or things in interstate commerce by working either the instrumentalities of interstate commerce or by regularly using the instrumentalities of interstate commerce in her work. See McLeod v. Threlkeld, 319 U.S. 491, 497 (1943) (employees must be "actually in or so clearly related to the movement of the commerce as to be a part of it.").

*(2) Credit Card Sales*

Plaintiff additionally claims she has processed customer credit card payments and has sold various hair products, moving items into the stream of commerce. (Doc. #28 at 7-8). While the Plaintiff claims that she processed sales for customers with their credit cards, merely using a customer's credit card to ring up the sale does not constitute interstate commerce. Thorne, 448 F.3d at 1267 (there is no binding authority which holds that credit card transactions constitute an instrumentality of interstate commerce).  Even if Plaintiff processed credit card payments from out of state customers, she performed hair salon services in Florida and any hair products were likewise sold to customers in Florida.  The sale of haircare products in the salon to her customers does not cover the Plaintiff individually for the purposes of her claim under the FLSA.  See McCraken v. Bubba's World, LLC, 2010 WL 3463280, 3 (M.D. Fla. August 4, 2010) (quoting Thorne, 448 F.3d at 1267 (holding "[t]he store receiving items from out of state wholesalers ends the interstate journey and employees engaged in further intrastate movement of the goods are not covered under the Act.").  Once the services and goods were provided to customers in the hair salon, the stream of commerce conceivably ended. See Thorne, 448 F.3d at 1267; Tran v. Thai, No. H-08-3650, 2010 WL 5232944, at *4 (S.D. Tex. Dec. 16, 2010) (occasional sales are insufficient to show individual coverage under the FLSA).

Upon review, the Court finds Plaintiff fails to successfully allege individual coverage under the FLSA. Consequently, Plaintiff's FLSA claim is dismissed without prejudice.

## II. Workers' Compensation Retaliation Claim

If the Court dismisses Plaintiff's FLSA claim, then Defendants contend the Court should not extend supplemental jurisdiction over Plaintiff's workers' compensation retaliation claim pursuant to Fla. Stat. § 440.205. (Doc. #22 at 10-11). In response, Plaintiff requests an opportunity to amend her FLSA claim or, in the alternative, requests dismissal of her state retaliation claim without prejudice. (Doc. #28 at 10).

"[S]tate claims should ordinarily be dismissed if all federal claims are eliminated before trial." Edwards v. Okaloosa Cnty., 5 F.3d 1431, 1433 (11th Cir. 1993). Plaintiff's FLSA claim is due to be dismissed. Consequently, the Court declines to exercise supplemental jurisdiction over Plaintiff's state retaliation claim. See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002) ("Both comity and economy are served when issues of state law are resolved by state courts.").

## III. Motion for More Definite Statement

In the instant motion, Defendants also move for a more definite statement. (Doc. #22 at 11). In response, Plaintiff contends her First Amended Complaint is not so vague as to warrant a more definite statement. (Doc. #28 at 10-11).

Here, Plaintiff's claims in the First Amended Complaint are due to be dismissed without prejudice. Consequently, the Court finds Defendants' Motion for a More Definite Statement is moot.

Accordingly, it is now

**ORDERED:**

Defendants Jean Nicole Hair Salons, Inc., Douglas S. Gast, and Sandra K. Gast's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #22) is **GRANTED** as follows:

1. Plaintiff Alexis Mayo's claims are **dismissed without prejudice**.

2. Plaintiff Alexis Mayo has up to and including **August 25, 2015** to **amend** the First Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of August, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record